UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-92-EHJ

PAMELA RODGERS                                                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Pamela Rodgers ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be set aside and this matter remanded for further proceedings not inconsistent with this opinion.

PROCEDURAL HISTORY

On August 31, 2004 , Claimant filed application for alleging that he became disabled as of June 17, 2004. After a hearing, Administrative Law Judge Edison ("ALJ") determined that plaintiff's cervical stenosis, bronchial obstruction and asthma, history of recurrent deep vein thrombosis and phlebitis, and protein S deficiency were severe impairments, but that they did not prevent her from performing her past relevant work as a collections clerk, a nail technician or a bartender/waitress. This became the final decision of the defendant Commissioner when the Appeals Council denied review on January 3, 2007.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to accord the proper weight to the opinion of her treating physician. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

The physician in question is Dr. Raque, a neurosurgeon who treated Ms. Rodgers for neck pain for eight months. On June 29, 2004, Dr. Raque executed a Health Care Provider Certification pursuant to the Family and Medical Leave Act. He stated that his patient was currently incapacitated and unable to work, that she would need surgery, and that her incapacity would end "4-6 weeks post op." Tr. 141.

Dr. Raque noted on June 18 that the MRI showed "fairly severe spinal stenosis" cervically,

and that "at C6 level, the CSF buffer is completely lost." Tr. 143.  Because of this, he was very concerned that trauma could easily cause irreversible spinal cord injury.  While surgery appeared to be the only remaining course of action, other medical problems posed significant risks: She suffers from thrombophilia; as of June 18, she had a femoral vein clot (despite years of blood-thinners); and she had experienced at least one episode of malignant hypothermia during previous surgery.  Dr. Raque noted that he believed they should proceed with surgery; Ms. Rodgers was inclined to wait until winter, but Dr. Raque thought "that would be pushing things a bit."  He advised that she should think things over and call him "should she decide to proceed with surgery."  Tr. 144.  At the hearing, Ms. Rodgers testified that she was unable to have the surgery due to her thrombophilia.  Tr. 408-409.

The ALJ did not mention Dr. Raque's opinion, although he did observe that she had not received treatment since January of 2005  On this appeal, the Commissioner contends that the June 29 Metlife statement was not a "medical opinion," but an opinion regarding disability, which a physician is not competent to provide.  This overlooks the fact that when the June 29 and June 18 opinions are read together, it is apparent that Dr. Raque *was* offering a medical opinion: Her pain, coupled with the risk of permanent injury, imposed functional limitations on her ability to do work tasks; surgery was the only treatment option, but it could not be performed without clearance from a hematologist and an anesthesiologist.  In light of the fact that Dr. Raque had already stated that surgery was the only treatment he could offer, if – as she testified – the surgery clearances were not forthcoming, it is not surprising that she did not continue going back to Dr. Raque (or to another physician with his specialization) in 2005.  Until she could be cleared for surgery, such visits would be futile.

3

Thus, while defendant expresses some confusion as to what Ms. Rodgers claims as her disabling condition, the record, viewed as a whole, is fairly clear: She suggests that her pain functionally limits her (and she offers medical evidence – clinical and MRI – as support for this contention). At the same time, her protein S deficiency (thrombophilia) prevents the surgery that could address that pain. As the ALJ did not address this circumstance, a matter which does involve a treating physician's opinion, it is not possible to determine whether substantial evidence supports his decision. Further proceedings will be required.

An order in support has this day entered.